In re William Robert RUNNELLS, Jr., Appellant.

Laurence H. LEVY, Trustee, Plaintiff-Appellee,

v.

William Robert RUNNELLS, Jr., Defendant-Appellant,

Stephen Zsolt Runnells, Defendant.

No. 87–5509.

United States Court of Appeals, Fourth Circuit.

Submitted Feb. 18, 1987.

Decided April 3, 1987.

Stanley Knight Joynes, III (Rilee, Cantor, Arkema & Edmonds, Richmond, Va., on brief), for defendant-appellant.

David H. Adams (Taylor, Walker & Adams, P.C., Norfolk, Va., on brief), for plaintiff-appellee.

Before WINTER, Chief Judge, and WIDENER and WILKINSON, Circuit Judges.

HARRISON L. WINTER, Chief Judge:

William Robert Runnells, Jr. was committed for civil contempt pursuant to 28 U.S.C. § 1826, and he appeals. Because the record and briefs were not filed in time to permit us to decide the case within thirty days from the filing of the notice of appeal as required by § 1826(b), we admitted Runnells to bail.

We find no merit in the appeal, and we affirm.

### I.

Runnells' contempt arose out of the bankruptcy proceedings of Landbank Equity Corporation. In that case, the district court, by order dated November 22, 1985, enjoined Runnells and others "together with their attorneys, employees, agents, affiliates, family members, heirs, executors, administrators and assigns ... from disposing of their property, both real and personal, exclusive of such nominal cash amounts as are required to maintain themselves."

After the injunction was entered, Runnells and his stepson engaged in two real estate transactions which apparently violated the injunction. Hickory Corporation, of which Runnells is the president, treasurer and secretary, conveyed a small parcel of land to a volunteer fire company for $7,500. The entire proceeds of the sale were paid to a person having a lien on the property. Hickory also conveyed a larger parcel of land to Home Finance Corporation, a corporation organized by Runnells' stepson which has issued no stock, and Home Finance conveyed the parcel to a buyer for $250,000. The net proceeds of the sale, after satisfaction of a lien on the property, were paid to Runnells, and that amount the district court found was $91,164.34.

The district court found that these two transactions violated the injunction of November 22, 1985, and, by order of November 10, 1986, it directed Runnells to pay the $91,164.34 which he had received to the trustee. Runnells failed to pay this award, and he was found in contempt for failing to comply with the November 22, 1985 and November 10, 1986 orders. Consequently, Runnells was committed to imprisonment unless he accounted for the funds he had received and turned over to the trustee certain property and assets. The order finding him in contempt and specifying how he could purge himself was entered December 30, 1986.

Runnells made some effort to purge himself of his contempt, and the district court had hearings on this issue on January 2 and January 6, 1987. The district court held that Runnells was still in contempt for his failure to account for the proceeds of the conveyances made in violation of the injunction. When inquiries were made by Runnells during those hearings, the district court indicated that if Runnells paid the sum he had received in violation of the injunction to the trustee, the contempt issue might become moot.

### II.

■ Before us Runnells contends, first, that the November 22, 1985 injunction which he was found to have violated was ambiguous regarding the acts which it prohibited and therefore violated Fed.R.Civ.P. 65(d). He points out that the order failed to name either Home Finance Corporation or Hickory Corporation. The district court, however, found that these corporations were alter egos of Runnells which were used to convert certain real property into cash for Runnells' personal use. In the alternative, the district court found that these corporations were "affiliates" within the prohibition of the injunction. We think that these conclusions are unassailable on the record before the district court.

■ We do perceive some ambiguity in the December 30, 1986 order adjudging Runnells in contempt. Any error, however, is harmless. That order recites that Run-

nells is found in contempt of the district court's order of November 22, 1985, and for failure to comply with the order of November 10, 1986. The November 10, 1986 order was in the nature of a judgment. Runnells was actually found in contempt for his failure to comply with the November 22, 1985 injunction and for his failure to provide an accounting of the proceeds which violated the injunction, and, by hiding such proceeds for evading payment of the judgment of November 10, 1986. The district court consistently explained what it required of the contemnor so that Runnells had full knowledge of his burden. When the case is returned to the district court, it can amend its December 30, 1986 order to recite that Runnells is held in contempt for violation of the November 22, 1985 order, not for failure to pay the judgment, but for attempting to evade the judgment by concealing assets in violation of the injunction.

### III.

■ We reject Runnells' second contention that the contempt of which he was adjudged guilty was criminal in nature and that he was not afforded the procedural protections applicable to criminal proceedings. While it is true that the district court mentioned the possibility of jailing Runnells because of the potential futility of civil contempt proceedings, the orders actually entered were designed to enforce compliance with the injunction—an acceptable coercive device. *See Shillitani v. United States,* 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966). The issue of whether a criminal contempt proceeding should be instituted was referred to the United States Attorney. We conclude that the district court acted properly throughout these proceedings.

### IV.

■ Finally we find unmeritorious Runnells' contention that he was denied procedural due process in these proceedings. We think that Runnells had proper notice of the subject of the hearing which resulted in the November 10, 1986 order. More-over, the November 10 order was a judgment, and the civil contempt order did not result until Runnells attempted to evade that judgment.

Similarly, we think that the notice of the subject of the proceedings which resulted in the December 30, 1986, order was adequate to inform Runnells that the question of whether he was in contempt was a matter to be adjudicated.

■ Lastly, we do not think that the district court is attempting to coerce Runnells to pay a debt which is impossible for him to pay. He will have purged himself of civil contempt if he supplies the information that he has been ordered to furnish.

The Clerk is directed to issue the mandate five days after the filing of this opinion provided that a copy of the opinion is sent to counsel by express mail forthwith upon its being filed.

AFFIRMED.